ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| M. L. Energia, Inc. ) | ASBCA No. 58975 |
| ) | |
| Under Contract No. NAS10-98025 ) | |

APPEARANCE FOR THE APPELLANT: Bruce I. Afran, Esq.
Princeton, N.J.

APPEARANCES FOR THE GOVERNMENT: Scott W. Barber, Esq.
NASA Chief Trial Attorney
Bradley W. Smith, Esq.
H. Joseph Batey, Esq.
Trial Attorneys
Kennedy Space Center, FL

OPINION BY ADMINISTRATIVE JUDGE SHACKLEFORD
ON APPELLANT'S MOTION FOR RECONSIDERATION

The Board issued its decision on quantum in this appeal on April 4, 2019, wherein we found that appellant was not entitled to payment of any additional contract amounts. M. L. Energia, Inc. (Energia) received the decision on April 10, 2019, and timely filed its motion for reconsideration on May 1, 2019. We deny the motion.

DECISION

Our standards for deciding a motion for reconsideration are well established:

> Reconsideration does not provide a party an opportunity to reargue issues that were previously raised and decided. *Precision Standard, Inc.*, ASBCA No. 58135, 16-1 BCA ¶ 36,504 at 177,860. The movant must establish a compelling reason to modify the earlier decision. *Id.* We look to whether the movant presents newly discovered evidence, mistakes in findings of fact, or errors of law. *Id.* A motion for reconsideration does not provide a litigant a "second bite at the apple" or the opportunity to advance arguments that properly should have been presented in an

earlier proceeding. *Dixon v. Shinseki*, 741 F.3d 1367, 1378 (Fed. Cir. 2014).

*American Int'l Contractors, Inc.*, ASBCA Nos. 60948, 61166, 18-1 BCA ¶ 37,194 at 181,070-71.

In its motion appellant (pro se at this stage) continues to challenge our decisions on entitlement (*M. L. Energia, Inc.*, ASBCA No. 55947, 12-2 BCA ¶ 35,110; *recon. granted in part*, 13 BCA ¶ 35,284). The government replied, correctly pointing out that appellant raised no new legal or factual (newly discovered or otherwise) arguments. Subsequently, appellant filed, by counsel, a memorandum in support of motion for reconsideration. Appellant rehashes causation again, arguing that the failure of NASA to identify a test site caused delay and thus it was the government's fault, not appellant's, that the work never was completed. Even if that were true, and it is not, appellant also fully contributed to the failure of the work to be timely completed. Such failures were fully described in our first decision on entitlement.

In any event, there is no basis for paying appellant for work that was not performed. Reminding appellant again, it had a firm fixed-price contract and it does not get all of the money unless it does all of the work. Thus, even if the government were responsible for the failure to complete the work (timely or not all of it), that does not give rise to entitlement to money appellant has not earned.

Finally, appellant argues:

> [I]t would appear the Board had no jurisdiction to enter judgment in favor of the agency since the government, by failing to file its own claim for equitable reduction, failed to preserve its rights and waived such claims. The government had a six-year period in which to bring its claim of an equitable reduction against Energia but failed to file any claim.[*] As the government never actually filed a claim, it would appear to have waived any claim to the equitable reduction and the Board should have made no finding of NASA's entitlement.

(App. mot. at 5)

The opposite is true. In 2001, NASA informed Energia that the government was taking an equitable reduction under the Inspection clause of the contract in the amount of $153,615. Dr. Lavid objected several times to the contracting officer (CO),

---

* Appellant does not allege when the so-called six-year period began to run.

and did so as late as June 28, 2002. The contract was closed out on September 4, 2002. Nearly four years later, Dr. Lavid requested reconsideration of the denial of the payment. NASA declined to reconsider and thus, Energia filed a certified claim for $153,615. The claim was denied in a final decision in late 2007 and it was timely appealed to this Board. *See M. L. Energia*, ASBCA No. 55947, 12-2 BCA ¶ 35,110 at 172,407-08 (findings 90-91, 93, 96-98, 100-03). Thus the appeal is properly before the Board.

When the work was not timely completed the contract's Inspection clause gave the government the right to accept the work and take an equitable reduction in contract price. The amount of the equitable reduction was the subject of our quantum decision. Appellant has not provided us with a compelling reason to modify our quantum decision. Nor has it shown newly discovered evidence, mistakes in our findings of fact or errors of law.

## CONCLUSION

Appellant's motion for reconsideration of our quantum decision is denied.

Dated: January 27, 2020

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I concur

JOHN J. THRASHER
Administrative Judge
Chairman
Armed Services Board
of Contract Appeals

I concur

MICHAEL T. PAUL
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58975, Appeal of M. L. Energia, Inc., rendered in conformance with the Board's Charter.

Dated:

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

4